ENOCH LITTLEFIELD *versus* THE CITY OF PORTLAND.

Where an action is brought for an alleged injury to the plaintiff's property, while in the care and keeping of his servant or agent, arising from the negligence or misconduct of such servant or agent, the servant or agent is not a competent witness for the plaintiff, because a verdict for the master would place the witness in a state of security against any action, which the master might otherwise bring against him.

But the liability must be direct and immediate to the party ; for if the witness is liable to a third person, who is liable to the party, such circuity of interest is no legal ground of exclusion.

In an action by the plaintiff against a town to recover the value of his goods, alleged to have been lost by reason of a defect in a highway within the town, where the goods at the time of the loss were loaded upon a wagon which, as well as the team, was the property of another, and under the care of, and driven by a man hired by the owner for that purpose, *it was held,* that the driver was a competent witness for the plaintiff.

EXCEPTIONS from the District Court, GOODENOW J. presiding.

This was an action on the case for an injury to the plaintiff's property, occasioned by a defect in a public highway,

which was admitted to be within the limits of said city, and that said city was bound to keep the same in repair.

To sustain his action, the plaintiff called one William Stone, as a witness, who, being previously examined by the defendants on the *voir dire*, testified that he was driver of the team on which the property, a quantity of molasses, was loaded, at the time the accident occurred, by which the same was lost ; that the team belonged to one Haskell, and was employed in transporting goods between Portland and Auburn, for hire ; that witness was employed by said Haskell, by the month, to drive said team, and was not employed by said Haskell for, or engaged in any other business ; and that said Haskell resided in Auburn, where the plaintiff also resides.

The defendants then objected to the admission of said Stone as a witness. The presiding Judge overruled the objection, and the witness was permitted to testify, and did testify to facts material to the issue ; and a verdict was rendered for the plaintiff against the defendants.

To which rulings and directions of the Court, the defendants excepted.

*W. P. Fessenden*, for the defendants, contended, that as the witness had the sole direction of the team, and was hired by the owner for that purpose only, he was directly interested in the event of this suit. A judgment against the city would save the witness from all liability. 1 Greenl. Ev. § 391, 394, 396.

*J. C. Woodman*, for the plaintiff, said that all the books on the subject agree, that there must be a direct interest in the result of the suit, or the objection goes only to the credit, not the competency of the witness. Here the judgment will not have the least effect against the witness. At most, this is an interest in the question, and not in the suit.

The opinion of the Court, the parties having agreed that the members of the Court residing in Portland should sit in the case, was drawn up by

TENNEY J. — At the time of the accident, which was the

cause of this suit, Stone, the witness for the plaintiff, was driving the wagon on which the property lost was loaded, as the servant of one Haskell, who owned the team.

The rule of law is well settled, that in an action against the principal for damage arising from the negligence or misconduct of his servant or agent, the latter is not a competent witness for the principal ; and where an action is brought for an alleged injury to the plaintiff's property, while in the care and keeping of his servant or agent, the servant or agent is not a competent witness for the plaintiff, because a verdict for the master would place the witness in a state of security against any action, which the master might otherwise bring against him. 1 Greenl. Ev. § 394 and 396. But the liability must be direct and immediate to the party ; for if the witness is liable to a third person, who is liable to the party, such circuity of interest is no legal ground of exclusion. Ib. § 394. In *Clark* v. *Lucas & al.* 1 Car. & P. 156, the action was against the defendants as sheriffs of Middlesex, for a false return of *nulla bona* on a *fi. fa.* against one Gooding. It appeared, that some of the goods were removed during the time the man remained in possession under the execution, and the defendants insisted, that the removal was by the fault of the plaintiff, and to establish this fact, called as a witness the man who had been in possession ; he was objected to on the ground of interest. But Abbott C. J. remarked, that " the judgment in the action by the sheriff against his officer, would be evidence against the witness, but not the judgment in this case ;" and the witness was held competent by the Court. *Union Bank* v. *Knapp*, 3 Pick. 96.

The witness in the case at bar, if answerable at all, was so only to Haskell his employer ; and the plaintiff's claim would be against the latter. The interest was such as would go to his credit and not to his competency.

*Exceptions overruled.*